THE PEOPLE v. REYES.

APPEAL from the District Court of Arecibo.

No. 51.—Decided February 14, 1907.

PROCEDURE—CRIMINAL PROSECUTION—CRIMES COMMITTED WHILE THE FORMER LAWS WERE IN FORCE.—Every act or commission, punishable as a crime, committed while the former penal laws were in force and prior to the passage of the Penal Code and the Code of Criminal Procedure, which went into effect in July, 1902, must be inquired into, prosecuted and punished in accordance with the former laws.

ID.—APPEAL.—Errors of procedure not affecting the substantial rights of the accused cannot be alleged as a ground for the reversal of the judgment.

MURDER—VERDICT—DEGREE OF CRIME.—The old Penal Code in defining the crime of murder does not recognize the two degrees established by section 201 of the Penal Code now in force, and therefore in a prosecution for murder, where the punishment to be imposed must be that provided by the former Code, the jury is not bound to make any distinction whatever in its verdict with respect to the degree of the crime of which it finds the accused guilty.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This is an appeal taken from a judgment rendered by the District Court of Arecibo in a prosecution for assassination. (Tried under old Penal Code.)

The information was filed on September 22, 1899, by the *fiscal* of said court, and reads as follows:

"The *fiscal* after having examined the record in the case prosecuted against Juan Arroyo *et al.,* for assassination, formulates the following conclusions:

"1. Saturday, the 5th of November of last year, while Carlos María Alvarez was in the house of Tomás Colón Sánchez, situated in the *barrio* of Hato Viejo, municipal district of Ciales, which he had entered to await the passage of a rain storm, and while talking with the latter, his wife, and Chilo Fernández, who was there at the time, the defendants Juan Arroyo Adorno, Prisco Padilla and Simeón Reyes, arrived together with Colón, and attacked the said Alvarez, whom they struck and threw upon the floor, and then, tying a rope around his neck, they dragged him to a coffee plantation, where they fired three shots at him; and he was found dead the following day, showing a number of wounds caused by some hard body, a firearm, and a knife.

"The defendant, Tomás Colón Sánchez died on March 4 of the current year, and Simeón Reyes has not yet been captured.

"2. The facts constitute the crime of assassination comprised in the fifth case of article 414 of the Penal Code.

"3. The defendants are the authors thereof.

"4. No modifying circumstances are present.

"5. The penalty which should be imposed upon Juan Arroyo Adorno, Prisco Padilla and Simeón Reyes is that of *cadena perpetua* (imprisonment for life), with the proper accessory penalties, and the payment of the costs in equal parts; the penal prosecution against Tomás Colón Sánchez should be dismissed, and the proceedings stayed with reference to Simeón Reyes, until he shall have been found.

"Civil liability, 5,000 *pesetas* due from the defendants to the heirs of the deceased."

At the trial, after the defendants had been arraigned, counsel for Simeón Reyes moved for the dismissal of the information in the form in which it was presented, and the motion having been denied, he prayed for time to formulate his provisional conclusions in the same manner as the *fiscal,* which prayer the court also denied, the defense noting an exception to both rulings.

In view of the result of the evidence heard, the jury before which the trial was held on July 20, 1906, found Simeón Reyes guilty of the crime of assassination as charged, and a day having been set for pronouncing judgment, counsel made a motion for a new trial, on the ground that the verdict was contrary to law, inasmuch as it did not conform to the provisions of section 284 of the Code of Criminal Procedure in force.

This motion was decided on the 28th of July aforesaid, as follows:

"1. It was in due time declared by the court that the information was to be heard and determined in accordance with the provisions of the Penal Code in force prior to 1902, the act having been committed prior thereto, although conforming, in so far as possible, in the conduct of the trial, to the procedure in force at the present time.

"2. The jury could return no other verdict, because at the beginning of the trial the information was read to it wherein it is stated that no modifying circumstances are present, and as the *fiscal* did not allege the existence either of aggravating or extenuating circumstances, and counsel for the defendant having alleged no extenuating circumstances, for which reasons they were not made the subject of discussion, the only matter discussed having been whether the qualification of vindictiveness, was or was not proper, the judge charged the jury upon the crime of assassination without modifying circumstances, but with the attendance of said qualification of vindictiveness, and, at the petition of the defense, upon the crime of homicide, in case such qualification was considered not proven.

"3. The Penal Code applicable does not establish the presumption that circumstances modifying the crime are always present, for which reason, if such circumstances be not alleged, it does not become absolutely necessary to make any statement as to their nonexistence, as provided by the third subdivision of the fourth rule of article 142

of the Law of Criminal Procedure 'for Cuba and Porto Rico, of January 1, 1889, and the court can entertain no doubt as to the penalty to be imposed, nor can the defendant be prejudiced, as the information has alleged the nonexistence of such modifying circumstances, and the verdict of the jury is in conformity with said information.

"4. For these reasons, the court holds that the verdict conforms to law, and the new trial prayed for by the defandant is denied."

Counsel for Simeón Reyes took exception to the decision denying a new trial, and the court by judgment of the same day sentenced him to *cadena perpetua,* equivalent, as the judgment states, to imprisonment in the penitentiary at hard labor for thirty years, and to pay the costs of the prosecution.

The defendant took an appeal from this judgment, and for the decision thereof a transcript of the record has been transmitted to this Supreme Court, which contains only the information, the minutes of the trial showing the exceptions mentioned, the verdict of the jury, the motion for a new trial, the decision upon this motion, the judgment rendered, and the notice of appeal, but contains no bill of exceptions or statement of facts, nor has any brief whatsoever been filed in this court in support of the appeal, the dismissal of which the *fiscal* prays for.

Upon an examination of the record no ground whatsoever appears for the reversal of the judgment appealed from.

The information was prepared in accordance with the provisions of article 650 of the Law of Criminal Procedure in force on the date it was filed, and, therefore, it cannot be demanded that it comply with the requisites of the Code of Criminal Procedure which went into effect subsequently, on July 1, 1902.

It is true that the defendant was not permitted to submit provisional conclusions in answer to those of the *fiscal,* thus violating article 652 of the former Law of Criminal Procedure; but this violation does not prejudice the material rights of the defendant, and, therefore, it cannot be alleged as a ground for the reversal of the judgment.

With regard to the verdict of the jury, we find that it conforms to the law, in view of the fact that Simeón Reyes must be tried under the former Penal Code, in accordance with the saving clause contained in section 558 of the Code in force, which reads as follows:

"Any act or omission commenced prior to the establishment of this Code, may be inquired of, prosecuted and punished in the same manner as if this Code had not been passed."

Article 414 of the former Penal Code in defining the crime of assassination, does not admit the classification of murder in the first and second degrees established by section 201 of the Penal Code in force, and, therefore, if Reyes was to be punished under the former Code, the jury which found him guilty could not be required to comply with the provisions of section 284 of the Code of Criminal Procedure in force, because it was not necessary to make any distinction between different degrees of guilt in fixing the crime, and therefore, there was no need of determining the degree of the crime committed.

For the reasons stated, the judgment appealed from should be affirmed, with the costs of the trial and of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.